IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| LADARIUS MARSHALL | ) |
| Plaintiff, | ) |
| v. | ) |
| CITY OF MILWAUKEE; DETECTIVE GUS PETROPOULOUS; DETECTIVE MICHAEL BRAUNREITER; DETECTIVE TIMOTHY HEIER; DETECTIVE MATTHEW GOLDBERG, and UNIDENTIFIED EMPLOYEES OF THE CITY OF MILWAUKEE, | ) Case No. 22-CV-525<br>)<br>) Judge Brett H. Ludwig |
| Defendants. | ) |

## MOTION TO STAY DISCOVERY DURING THE PENDENCY OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

NOW COME Defendants, Gus Petropoulous, Michael Braunreiter, Timothy Heier, Matthew Goldberg, and the City of Milwaukee (collectively "Defendants"), and move this Honorable Court to stay discovery pending a ruling on Defendants' Motion to Dismiss the Complaint. In support thereof, Defendants state as follows.

## INTRODUCTION

Defendants filed a motion to dismiss Plaintiff's entire Complaint on July 18, 2022, pursuant to Federal Rule 12(b)(6). *See* Dkt. #18. Defendants' motion to dismiss rests purely on legal arguments for which no discovery is required. *See In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 338 (N.D. Ill. 2005); *see also Sprague v. Brook*, 149 F.R.D. 575 (N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion.). This Court can resolve Defendants' motion solely by reviewing the allegations of the Complaint and subsequent arguments made in Defendants' memorandum in support of its motion to dismiss and Plaintiff's respective responsive briefs to Defendants' motion to dismiss. Discovery

is neither necessary nor appropriate at this time given the pending dispositive motion to dismiss in front of this Court.

## FACTUAL BACKGROUND

On May 2, 2022, Ladarius Marshall (hereinafter "Plaintiff") filed a Complaint against the City of Milwaukee, Detectives Gus Petropoulous, Michael Braunreiter, Timothy Heier, Matthew Goldberg, and Unidentified Employees of the City of Milwaukee ("Individual Defendants"), who investigated the murder of Lavare Gould on June 16, 2008. Compl. at ¶ 10. Plaintiff pled guilty to second degree reckless homicide and was sentenced on May 24, 2010. *Id*. at ¶ 39-40. Despite Plaintiff's motion to suppress statements being denied, the district court granted habeas relief on April 22, 2020, when it held that a violation of *Miranda* occurred during the Plaintiff's interview with police. *Id*. ¶ 44. However, the suppression doctrine does not apply in civil cases and, as the Supreme Court recently held in *Vega*, Plaintiff cannot file suit for damages based on an alleged Miranda violation.

On July 28, 2022 Defendants filed their motion and an enlarged memorandum in support of their motion to dismiss Plaintiff's federal civil rights and state law claims pursuant to Federal Rule of Civil Procedure 12(b)(6). On August 29, 2022, Plaintiffs filed their enlarged response to Defendants motion to dismiss arguing in part that Plaintiff's Complaint had satisfied Federal Rule of Civil Procedure 8's pleading standards. (Dkt. # 21). Defendants filed their reply brief in support of their motion on Sept. 6, 2022. (Dkt. #22).

## ARGUMENT

### I. THIS COURT SHOULD STAY DISCOVERY UNTIL IT ISSUES AN ORDER ON DEFENDANTS' MOTION TO DISMISS.

Defendants' Motion to Stay Discovery should be granted because the Federal Rules of Civil Procedure provide this Court with broad discretion to protect Defendants from the expense,

2

undue burden, and annoyance of having to respond to discovery while it has a motion pending that may dispose of the entire litigation. *See* Fed. R. Civ. Pro. 26. "Under Rules 26(c) and (d) . . . a court may limit the scope of discovery or control its sequence." *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 336 (N.D. Ill. 2005).

### A. It Is Well Established That This Court Can Stay Discovery While Defendants' Dispositive Motion Is Pending.

District courts enjoy broad discretion in controlling discovery. *Cent. States, Se. and Sw. Areas Pension Fund v. Waste Mgmt. of Mich., Inc.*, 674 F.3d 630, 636 (7th Cir. 2012). Controlling discovery includes managing the timing, extent, frequency, and manner of discovery. *Bilal v. Wolf,* 2007 WL 1687253, 2007 U.S. Dist. LEXIS 41983, at *2 (N.D. Ill. June 6, 2007).

"It is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending." *Id.* at n.1 (quoting *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004)). "Limitation or postponement of discovery may be appropriate when a defendant files a motion to dismiss for failure to state a claim on which relief can be granted." *Slottke v. State of Wis Dept. of Industry, Labor*, 2017 WL 168901, 16-cv-1392, 1 (E.D.Wis., 2017)(*quoting In re Sulfuric Acid Antitrust Litigation,* 231 F.R.D. at 336 (N.D. Ill. 2005). "The court may appropriately limit pretrial discovery when claims may be dismissed based on legal determinations that could not [be] altered by further discovery." *Thompson v. retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714, 07-cv-1047, *10 (E.D.Wis., 2008)(internal citations omitted).

"Following the Supreme Court's recent adoption of a more rigorous pleading standard to spare defendants the cost of discovery into meritless claims, such stays issue with even greater frequency." *Id.(citing Dillinger, LLC v. Electronic Arts, Inc.*, 2010 WL 1945739, 09-cv-1236, *1 (S.D.Ind., May 11, 2010); *See*, *e.g.*, *Holton v. Wisconsin*, 2008 WL 191258, 2008 U.S. Dist. LEXIS

3

7821 (E.D. Wis. 2008) (§1983 suit staying discovery pending ruling on motion to dismiss); *Bilal*, 2007 U.S. Dist. LEXIS 41983 (N.D. Ill. June 6, 2007) (staying discovery pending resolution of (12)(b)(6) motion).

This Court also stayed discovery pending the resolution of a motion to dismiss in *Moderson v. MFK Mobilelink Wisconsin, LLC,* 2022 WL 1166536, 21-cv-504, (E.D.Wis., 2022). As this Court and many courts before it have done, this Court should exercise its discretion to stay discovery in this matter until the Court resolves Defendants' motion to dismiss, as that motion could resolve this case in its entirety.

### B. The Court Should Stay Any Discovery Until the Court Rules On Defendants' Motion to Dismiss.

In addition to the fact that stays of discovery pending a ruling from a court on a motion to dismiss "are granted with substantial frequency[.]" *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 336. Further good cause exists to stay discovery pending resolution of Defendants' Motion to Dismiss. *See Est. of Enoch by Enoch v. Tienor*, 2008 WL 11446791, 07-c-376, *5 (E.D.Wis., 2008)("For good cause, the Court may enter a protective order to protect a party "from…undue burden or expense resulting from a particular discovery request." (*quoting* Fed. R. Civ. P. 26(c)(1)). An analysis of factors particular to this matter demonstrates that a stay on discovery while Defendants' dispositive motion is pending is appropriate and economically beneficial to the Court and all parties.

First, a stay of discovery will by no means unduly prejudice or disadvantage Plaintiff. Defendants are seeking the entry of a stay of discovery only until this Court rules on the pending motion to dismiss which if granted would immediately obviate the need for any discovery. Defendants filed their motion to dismiss in July of 2022, and it will likely be resolved in the near future. Moreover, Plaintiff will not be prejudiced by the granting of a brief stay on discovery until

such motion is ruled upon. Defendants' recognize Rule 1 charges the parties to seek a "just, speedy, and inexpensive determination" of civil actions, however, under these circumstances a brief stay of discovery will serve this purpose. Fed. R. Civ. P. 1.

Second, resolution of Defendants' motion to dismiss in Defendants' favor would undoubtedly simplify the issues in question. Plaintiff's Complaint names four individuals the City of Milwaukee and some unknown employees, and contains eight counts ranging from federal civil rights to Wisconsin state law claims. Defendants' motion to dismiss is potentially dispositive of all Plaintiff's claims but even a partial granting of the Defendants' motion to dismiss will limit the issues before this Court and subsequently simplify parties' future discovery requests. *See Sibley v. U.S. Supreme Court*, 786 F. Supp. 338, 346 (D.D.C. 2011) ("Stays of discovery are . . . often appropriate where the motion to dismiss can resolve the case-at-least as to the moving party").

Lastly, granting a stay of discovery will reduce the burden placed upon both parties as well this Court. Discovery in federal civil rights cases tends to be expensive and demanding, and municipal claims themselves typically involve tremendously expansive discovery. The Defendants should not be forced to engage in discovery before this Court determines that Plaintiff's claims against them may proceed. Notably, if the Defendants' motion to dismiss is granted, the need for discovery from them will be greatly limited if not eliminated entirely. Even if only some of the claims are dismissed, the need for party discovery will be narrowed and thus a stay will prevent unnecessary discovery and expense by all parties.

### C. 26(f) Discovery Conference

On Nov. 11, 2022, Counsel for Plaintiff and for the City discussed a potential discovery schedule. Plaintiff indicated their desire to engage third parties in the discovery process via records

5

subpoenas and to begin the production of documents. Defendants feel this is premature given the pending Motion to Dismiss. The parties were unable to come to an agreement regarding discovery.

## CONCLUSION

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined" including "while addressing a motion to dismiss." *Orlando Residence Ltd. V. GP Credit Co., LLC*, 2006 WL 2849866,04-c-439, *7 (E.D.Wis., 2006)(internal citations omitted). Discovery in this case should be stayed until the Court determines whether Plaintiff's instant claims against Defendants have satisfied federal pleading standards and may proceed. Otherwise, the parties will perform unnecessary, burdensome, and expensive discovery on a case that may be dismissed in its entirety. For the foregoing reasons, Defendants respectfully request that this Court enter an order staying discovery pending resolution of the parties' motion to dismiss.

Dated: November 11, 2022

                                                Respectfully submitted,

                                                /s/ *Matthew J. Mc Carter*
                                                Shneur Nathan
                                                Avi Kamionski
                                                Matthew J. Mc Carter
                                                Warren Fasone
                                                Nathan & Kamionski LLP
                                                33 W. Monroe St., Suite 1830
                                                Chicago, IL  60603
                                                (312) 612-1955
                                                *Attorneys for Defendants*

**Certificate of Service**

I, Matthew J. Mc Carter, an attorney, hereby certify that the forgoing document was served upon counsel of record on the date stamped on the top margin of this document when I electronically filed the document with the Court's CM/ECF system.

/s/ *Matthew J. Mc Carter*